NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 13, 2008[*]
Decided November 13, 2008

**Before**

DANIEL A. MANION, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 08-1974

| | |
|---|---|
| ZACHARY A. McGRAW, JR., | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | No. 07 C 6481 |
| CITY OF CHICAGO DEPARTMENT OF | |
| AVIATION, | Robert W. Gettleman, |
| *Defendant-Appellee*. | *Judge*. |

**O R D E R**

In November 2007 Zachary McGraw sued the City of Chicago Department of Aviation, claiming that it discriminated against him on political grounds by not promoting him, and retaliated against him for previously filing a race-based employment discrimination suit. Judge Zagel dismissed the suit as frivolous because McGraw failed to file it within 90 days of receiving his right-to-sue letter from the Equal Employment

---

[*] Defendant-appellee was not served with process in the district court. Accordingly, it is not a party to this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the appellant's brief and the record. FED. R. APP. P. 34(a)(2).

Opportunity Commission.  McGraw then filed a self-styled "Motion Not to Dismiss," vaguely invoking political discrimination under the terms of the consent decree in *Shakman v. Democratic Org. of Cook County*.  Judge Gettleman, to whom the case had been reassigned, denied the motion as untimely and duplicative of claims that McGraw had raised in a related suit.  McGraw's subsequent motion to reopen the case under FED. R. CIV. P. 60(b) was also denied, and he appeals.

Federal Rule of Appellate Procedure 28(a)(9)(A) requires the appellant's brief to set forth "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies."  FED. R. APP. P.  28(a)(9)(A); *see Haxhiu v. Mukasey*, 519 F.3d 685, 691 (7th Cir. 2008).  An argument must consist of more than a generalized assertion of error with citations to supporting authority.  *See Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001).  McGraw's appellate brief contains only generalized assertions of misconduct on the part of the City of Chicago, and he does not challenge, or even mention, the district court's dismissal of the case.  Although we construe pro se filings liberally, "we must still be able to discern cogent arguments in any appellate brief, even from a pro se litigant."  *See id.*  Here we have nothing to review because McGraw has not pointed to any legal or factual error in the district court's decision.  Accordingly, we dismiss the appeal.